IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| REPUBLIC WINDOWS & DOORS, LLC, | Case No. 08-34113 |
| Debtor. | Hon. Jacqueline P. Cox |
| | Hearing Date: August 20, 2013<br>Hearing Time: 9:30 a.m. |

**NOTICE OF FINAL PPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF THE LAW OFFICE OF WILLIAM J. FACTOR, LTD. AND
BANKRUPTCY SERVICES GROUP**

**PLEASE TAKE NOTICE** that on July 23, 2013, The Law Office of William J. Factor, Ltd. and Bankruptcy Services Group (the "*Applicants*") filed their *Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd. and Bankruptcy Services Group* (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. In the Application, the Applicants seek compensation in the amount of $131,352.00[1] and reimbursement of expenses in the amount of $14,972.04 and final allowance of the following amounts, which are inclusive of the foregoing:

| | FactorLaw | BSG |
|---|---|---|
| Pre-Litigation[2] | $0.00 | $52,798.06 |
| Account Receivables and Preference Litigation | $51,977.07, plus a maximum of $2,058 to the extent further settlement monies are collected. | $51,977.07 |
| Fraudulent Transfer Litigation | $225,390 | $0.00 |
| Hanson's Litigation | $75,000.00 | $37,500.00 |
| Expenses | $14,703.70 | $268.34 |

---

[1] In addition, The Law Office of William J. Factor, Ltd. is seeking final allowance of 12% of any future amounts recovered from defendants who have settled with the Estate and are on payment plans without further order of Court in the maximum amount of $2,058.00.

[2] Capitalized terms have the meaning ascribed thereto in the Application.

| | | |
|---|---|---|
| **TOTALS:** | **$367,070.77 (does not include the possible additional $2,058)** | **$142,543.47** |

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application will be held before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Courtroom 680, located at 219 South Dearborn Street, Chicago, Illinois 60604, **on August 20, 2013, at 9:30 A.M. prevailing Central Time**, or as soon thereafter as the undersigned counsel may be heard.

Dated:  July 23, 2013

<div style="margin-left: 40%;">

**THE LAW OFFICE OF WILLIAM J. FACTOR, LTD. and BANKRUPTCY SERVICES GROUP**

By:  /s/ Sara E. Lorber

</div>

William J. Factor (6205675)
Sara E. Lorber (6229740)
David P. Holtkamp (6298815)
**THE LAW OFFICE OF**
    **WILLIAM J. FACTOR, LTD.**
105 W. Madison St., Ste. 1500
Chicago IL, 60602
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
      slorber@wfactorlaw.com
      dholtkamp@wfactorlaw.com

### CERTIFICATE OF SERVICE

I, Sara E. Lorber, hereby certify that on July 23, 2013, pursuant to Section II, B, 4 of the

Administrative Procedures for the Case Management/Electronic Case Filing System and

Fed.R.Civ.P. 5(a), I caused copies of the forgoing *Notice* and the *Final Application for*

*Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd.*

*and Bankruptcy Services Group* to be served upon the parties identified on the attached Service

List by either through the Court's Electronic Notice for Registrants or by U.S. Mail, as indicated

thereon

/s/ Sara E. Lorber

## <u>SERVICE LIST</u>

**REGISTRANTS IN THE CASE**
<u>(Service through ECF)</u>

| | |
|---|---|
| Pete V Albanis | palbanis@tsmp.com |
| Josef S. Athanas | josef.athanas@lw.com, chefiling@lw.com |
| Robert B Baker | rbaker@sbchicago-law.com, lsurdyk@sbchicago-law.com; jkachoyeanos@sbchicago-law.com |
| Barbara Becker | barbara.becker@lw.com, chefiling@lw.com |
| Richard M Bendix | rbendix@dykema.com, nrakunas@dykema.com |
| Michele J Braun | mbraun@wfactorlaw.com |
| William R. Brodzinski | wbrodzinski@mrvlaw.com |
| Jennifer S Burt | jburt@askounisdarcy.com |
| Erin M Casey | erin.casey@goldbergkohn.com |
| Leland H Chait | lchait@sfllp-law.com |
| Scott R Clar | sclar@craneheyman.com, mjoberhausen@craneheyman.com, asimon@craneheyman.com |
| Patrick A Clisham | patrickclisham@hotmail.com |
| William J Connelly | wconnelly@hinshawlaw.com |
| Eugene Crane | ecrane@craneheyman.com, mjoberhausen@craneheyman.com, gheyman@craneheyman.com |
| Jonathan M. Cyrluk | jcyrluk@sdrlegal.com, edocket@sdrlegal.com, hbasker@sdrlegal.com, mmoran@sdrlegal.com, ktraynor@sdrlegal.com |
| Michael J. Davis | mdavis@springerbrown.com, davislaw80@gmail.com |
| Shelly A. DeRousse | sderousse@stahlcowen.com, cgarcia@stahlcowen.com |
| Spencer P Desai | sdesai@desailawfirmllc.com, whickey@desailawfirmllc.com |
| Michael K Desmond | mdesmond@fslegal.com |
| Maria A Diakoumakis | mdiakoumakis@dykema.com, DocketCH@dykema.com |
| Faith Dolgin | faith.dolgin@illinois.gov |
| Robert L Doty | robert.doty@ohioattorneygeneral.gov |
| Devon J Eggert | deggert@freebornpeters.com, bkdocketing@freebornpeters.com |
| Lynn A. Ellenberger | lellenberger@shefskylaw.com, sfdocket@shefskylaw.com |
| William J Factor | wfactor@wfactorlaw.com, |
| Mark I Fishbein | mfishbein@wolinlaw.com |
| Joseph D Frank | jfrank@fgllp.com, ccarpenter@fgllp.com, knewman@menterlaw.com;jkleinman@fgllp.com |
| Neil P Gantz | neilgantz@yahoo.com, negrita0615@yahoo.com |
| Frances Gecker | fgecker@fgllp.com |
| Steven H Gistenson | sgistenson@dykema.com, kwilgus@dykema.com |
| David A. Golin | dagolin@arnstein.com, mgonzalez@arnstein.com |
| Joshua D Greene | jgreene@springerbrown.com, sellis@springerbrown.com |
| Christopher S Griesmeyer | cgriesmeyer@grglegal.com |
| Amy J Hansen | ahansen@lynchandstern.com |
| David R Herzog | drhlaw@mindspring.com, herzogschwartz@gmail.com |
| David Paul Holtkamp | dholtkamp@wfactorlaw.com, nb@wfactorlaw.com |

2

| | |
|---|---|
| Christopher P Hughes | chughes@gwclaw.com |
| Jennifer L Johnson | jjohnson@zcwlaw.com, vblazina@zcwlaw.com |
| Georgia L. Joyce | gjoyce@cmn-law.com, cbrown@cmn-law.com |
| Randall Klein | randall.klein@goldbergkohn.com, amy.halpin@goldbergkohn.com, logan.stortz@goldbergkohn.com |
| Raymond M Krauze | rkrauze@brycedowney.com |
| Micah R Krohn | mkrohn@fgllp.com, ccarpenter@fgllp.com;rheiligman@fgllp.com |
| Matthew C Kromm | mkromm@pwolaw.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Phillip D Levey | levey47@hotmail.com, plevey@ecf.epiqsystems.com |
| Scott Lewis | slewis@chapman.com |
| Ryan Liska | rliska@theniewgroup.com |
| Terri M Long | Courts@tmlong.com |
| Sara E Lorber | slorber@wfactorlaw.com, nb@wfactorlaw.com |
| Daniel F Lynch | dan@lynchandstern.com, docketing@lynchandstern.com ahansen@lynchandstern.com, jkaplan@lynchandstern.com, cferber@lynchandstern.com |
| Michael Lynch | mjlynchlaw@aol.com |
| Eric J Malnar | emalnar@stahlcowen.com |
| James M McArdle | jmcardle@wfactorlaw.com |
| Timothy J. McGonegle | tmcgonegle@comcast.net |
| Daniel C Meenan | dcmjd@aol.com |
| Charles J. Muhl | charles.muhl@nlrb.gov |
| Steven L Nelson | snelson@snyderpark.com |
| Susan J. Notarius | snotarius@Klueverplatt.com, nparikh@klueverplatt.com |
| Gregory Otsuka | gregoryotsuka@paulhastings.com |
| Michael Palermo | palermo@palermolaw.com |
| Jeffrey K. Paulsen | jpaulsen@wfactorlaw.com, nb@wfactorlaw.com |
| Ann E Pille | ann.pille@dlapiper.com, apille@reedsmith.com |
| Caroline A Reckler | caroline.reckler@lw.com, chefiling@lw.com, elizabeth.arnold2@lw.com |
| Gabriel Reilly-Bates | gbates@shefskylaw.com, sfdocket@shefskylaw.com |
| Michael R Richmond | mrichmond@hellerrichmond.com |
| Adam B. Rome | arome@grglegal.com, abernath@grglegal.com |
| Patrick F Ross | pfross@uhlaw.com, kburde@uhlaw.com, rjanczak@uhlaw.com, TEFiester@uhlaw.com, AMcLoud@uhlaw.com |
| Mark D. Roth | markdroth@gmail.com |
| Dennis M Sbertoli | dsbert4978@aol.com |
| Edward Seward | erseward@sbcglobal.net |
| Brian L Shaw | bshaw100@shawgussis.com, bharrington@shawgussis.com |
| Michael L Sherman | shermlaw1@aol.com |
| Gregory K Stern | gstern1@flash.net, steve_horvath@ilnb.uscourts.gov |
| Timothy M Swanson | swanson@dlec.com, stein@dlec.com |
| Brian Ira Tanenbaum | brian@bitlaw.org |
| Robert D Tepper | rtepper@sabt.com |
| Deborah L. Thorne | dthorne@btlaw.com, kbruhnke@btlaw.com |
| Kenneth S Ulrich | kenneth.ulrich@goldbergkohn.com |
| Thomas C. Wolford | twolford@ngelaw.com |

3

Scott A Wolfson          swolfson@wolfsonbolton.com, stravis@wolfsonbolton.com
John G Young             jyoung@stinson.com, mhunn@stinson.com
Marc S. Zaslavsky        mszaslavsky@arnstein.com
Bruce E de'Medici        bdemedici@gmail.com

**TWENTY LARGEST CREDITORS PER DEBTOR'S SCHEDULES AND PARTIES IN
INTEREST
Service by U.S. Mail**

Aluminum Extrusions Inc.
140 Matthews Drive
Senatobia, MS 38668

Ashland Products Company
Newell Rubbermaid, Inc.
P.O. Box 92026
Chicago, IL 60675

Cardinal GC
NW-9013
P.O. Box 1450
Minneapolis, MN 55485-9013

Cardinal FG
P.O. Box 1450
Minneapolis, MN 55485-9015

Guardian Industries Corp.
91095312
4681 Collections Center Drive
Chicago, IL 60693

Holland & Knight LLP
P.O. Box 864084
Orlando, FL 32886-4084

Levin Ginsburg
180 N. LaSalle Street
Suite 3200
Chicago, IL 60601-2800

Miriam Spielman
132 E. Delaware Place
Chicago, IL 60611

Mighty PAC
345 N. Quentin Road
Suite 304
Palatine, IL 60067

Onesource Coil Coaters, LLC
5110 140th Avenue North
Clearwater, FL 33760

NPC
7851 W. 185th Street
Tinley Park, IL 60477

RUAN
P.O. Box 977
Des Moines, IA 50304-0977

RREEF America REIT II
RREEF America Reitt II Corp. WV
75 Remittance Drive, Suite 6739
Chicago, IL 60675

The Hartford
P.O. Box 2907
Hartford, CT 06104-2907

Southwall Technologies
File # 030876
P.O. Box 600000
San Francisco, CA 94160-0876

VEKA
P.O. Box 360424
Pittsburgh, PA 15251-6424

United Healthcare Insurance Company
22561 Network Place
Chicago, IL 60673-1225

Ventana USA
P.O. Box 1391
Indiana, PA 15701

4

Thomas H. Herron
Senior Vice President
Bank of America
135 S. LaSalle St., Suite 925
Chicago, IL 60603

Patrick S. Layng
Office of the United States Trustee, Region 11
219 South Dearborn Street
Room 873
Chicago, IL 60604

Steve Gelsosomo
Lisa M. Ahrens
BKSG
2413 W. Algonquin Rd., Suite 112
Algonquin, IL 60102-9402

NMHG Financial Services
1010 Thomas Edison Blvd SW
Cedar Rapids, IA 52404

Illinois Department of Revenue
Bankruptcy Section
100 West Randolph Street
Level 7-400
Chicago, Illinois 60601

ATLAS FORMS & GRAPHICS
20 Eisenhower Lane North
Lombard, IL 60148

Colorado Dept of Revenue
1375 Sherman St Rm 504
Attn Bankruptcy Unit
Denver, CO 80261

Hartford Fire Inc Co
as Assignee of Hartford Specialty
Bankruptcy Unit T-1-55
Hartford Plaza
Hartford, CT 06115

Chase Capital Corporation
c/o Erin M. Casey
Goldberg Kohn
55 E Monroe St, Suite 3300
Chicago, IL 60603

State of Michigan, Department of
Treasury
Revenue & Collections Division
P.O. Box 30754
Lansing, MI 48909

McNulty, Catherine
1121 Elgin Ave.
Forest Park, IL 60130

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| REPUBLIC WINDOWS & DOORS, LLC, | Case No. 08-34113 |
| Debtor. | Hon. Jacqueline P. Cox |

## FINAL APPLICATION FOR COMPENSATION
## AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICE OF
## WILLIAM J. FACTOR, LTD. AND BANKRUPTCY SERVICES GROUP

The Law Office of William J. Factor, Ltd. ("*FactorLaw*") and Bankruptcy Services

Group ("*BSG*" and together with FactorLaw, the "*Applicants*"), professionals retained by Phillip

D. Levey, not individually but solely in his capacity as duly-appointed chapter 7 trustee (the

"*Trustee*") of the Bankruptcy Estate (the "*Estate*") of Republic Windows & Doors, LLC (the

"*Debtor*"), hereby submit their Final Application for Compensation and Reimbursement of

Expenses (the "*Application*") for services performed and expenses incurred during the period of

July 1, 2010 through July 23, 2013 (the "*Application Period*").[3] In support of this Application,

the Applicants respectfully state as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2.      Venue of this Case and this Application is proper in this District pursuant to 28

---

[3] As discussed herein, FactorLaw made a first interim fee application relating to certain
adversary proceedings involving fraudulent transfers claims. Therefore, this is technically,
FactorLaw's second application and BSG's first application.

U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

    3.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

## **RELIEF REQUESTED**

    4.      By this Application, the Applicants seek final allowance of certain contingency fees and expenses earned by them pursuant to the terms of their retentions in this Case in connection with collecting and litigating certain types of claims, including account receivables, preference claims under §§ 547 and 550 of the Bankruptcy Code and fraudulent transfer claims under §§ 544, 548 and 550 of the Bankruptcy Code and Illinois law. The amounts of the contingency fees to which the Applicants are entitled is based upon the type of claim pursued and the point at which a recovery was obtained for the Estate, as well as by agreement of the Applicants, the Trustee and certain other parties (which agreement is discussed further herein). In summary, the Applicants seek final approval of the following fees and expenses:

| Type of Claims Pursued Resulting in Recoveries | Fee as percentage of recovery | FactorLaw | BSG | Details Regarding Recoveries |
|---|---|---|---|---|
| Pre-Litigation[4] | 12% | $0.00 | $52,798.06 | *See* ¶¶ 18-19 and Exhibit 1 |
| Account Receivables and Preference Litigation[5] | 6% | $51,977.07 | $51,977.07 | *See* ¶¶ 20-23 and Exhibit 2 |
| Fraudulent Transfer Litigation[6] | 33% | $225,390 | $0.00 | *See* ¶¶ 24-25 |

[4] *"Pre-Litigation"* relates to claims resolved by BSG prior to the initiation of an adversary proceeding.

[5] *"Account Receivables and Preference Litigation"* relates to litigation of claims to collect account receivables and preferential transfers handled by FactorLaw, with the support of BSG. As set forth herein and in Exhibit 2, there is $17,150.00 that is unpaid on settlements that involve payment plans. By this application, the Applicants are seeking final approval of the contingency fees on these matters, the maximum amount of which would be $2,058.00, ***but only*** to the extent the unpaid portions of these settlements are collected.

| Type of Claims Pursued Resulting in Recoveries | Fee as percentage of recovery | FactorLaw | BSG | Details Regarding Recoveries |
|---|---|---|---|---|
| Hanson's Litigation[7] | 12% -FactorLaw 6% -BSG | $75,000.00 | $37,500.00 | *See ¶¶ 26-29* |
| Expenses | | $14,703.70 | $268.34 | *See ¶¶ 30-31 and Exhibit 4* |
| TOTALS:[8] | | **$367,070.77** | **$142,543.47** | |

5.      FactorLaw and BSG also ask the Court to authorize the Trustee to pay those

finally-allowed fees and expenses that have not already been paid to the Applicants pursuant to

the terms of their retention, subject to the proposed resolution of a fee dispute relating to the

Fraudulent Transfer Litigation and the Hanson's Litigation, as further set forth in ¶ 29 below.

## BACKGROUND

6.      On December 12, 2008 (the "*Petition Date*"), the Debtor filed a voluntary petition

for relief under Chapter 7 of the Bankruptcy Code.

7.      Phillip D. Levey was subsequently appointed Chapter 7 trustee in the Debtor's

bankruptcy case.

## I.   RETENTION OF APPLICANTS AND AGREEMENTS REGARDING COMPENSATION

8.      On July 1, 2010, the Court entered two orders approving the Trustee's retention of

BSG and FactorLaw as professionals of the Estate (the "*Retention Orders*"). *See* Dkt. Nos. 324

and 325. *See also* Dkt. Nos. 322 and 323. Pursuant to the Retention Orders, FactorLaw and BSG

---

[6] "*Fraudulent Transfer Litigation*" relates litigation of fraudulent transfer claims handled by FactorLaw.

[7] "*Hanson's Litigation*" relates the matter of *Levey v. Hanson's Window & Construction, Inc.*, Adv. Pro. No. 10-02526 (the "*Hanson's Adversary*"), which was handled by FactorLaw and which involved both fraudulent transfer and preference claims.

[8] Paragraph 29(d) of this Application details the amounts still owing to the Applicants relating to each category of collection efforts.

were retained to work together on the recovery of preferences and the Debtor's account

receivables, with BSG handling primarily pre-litigation matters and FactorLaw handling

litigation of matters that could not be resolved consensually without the filing of an adversary

proceeding.

9.      Pursuant to the Retention Orders, (a) BSG is entitled to a 12% contingency fee on

amounts recovered for the Estate on account of account receivables and preference claims

resolved without the filing of an adversary complaint (i.e., Pre-Litigation), (b) BSG and

FactorLaw are each entitled to a 6% contingency fee on amounts recovered for the Estate after

adversary proceedings were initiated (i.e., Accounts Receivable and Preference Litigation); and

(c) BSG and FactorLaw are each entitled to reimbursement of expenses incurred on behalf of the

Estate.

10.     The Retention Orders also provided that the Trustee could compensate the

Applicants on a monthly basis, with all such compensation subject to approval through a final fee

application pursuant to 11 U.S.C. §§ 330 and 503.

11.     Because the Retention Orders did not cover the litigation of fraudulent transfer

claims, FactorLaw filed a motion seeking to modify the terms of its retention with regard to two

cases involving such claims.  On July 24, 2012, the Court entered an order (the "*Modified

Retention Order*") modifying the terms of FactorLaw's retention with regard to two adversary

proceedings involving fraudulent transfer claims – *Levey v. American Express*, Adv. Pro. No. 10-

2515 and *Levey v. The Guardian Life Insurance Company of America*, Adv. Pro. No. 10-2517

(i.e., the Fraudulent Transfer Litigation).  *See* Dkt. No. 589.  Under the Modified Retention

Order, FactorLaw is entitled to a contingency fee of 33% on recoveries obtained for the Estate

the Fraudulent Transfer Litigation.

12.     In addition, FactorLaw filed one adversary proceeding on behalf of the Trustee

4

that included both preference and fraudulent transfer claims, *Levey v. Hanson's Window &
Construction, Inc.*, Adv. Pro. No. 10-02526 (the "*Hanson's Adversary*"), which proceeding was
ultimately settled as part of a global settlement with claims asserted by the Trustee against Brian
Elias, the owner of Hanson's Window & Construction (the "*Elias Claims*"), in a separate
adversary proceeding, *Levey v. Gillman et al.*, Adv. Pro. No. 10-2513 (the "*Insider Litigation*").
The Trustee is represented in the Insider Litigation by Carpenter Lipps & Leland LLC and Lynch
& Stern LLP (collectively, "*Special Counsel*"). [9]

13.     The Retention Orders and the Modified Retention Order do not explicitly address
the contingency fees to which the Applicants are entitled to in connection with the Hanson's
Adversary or any global settlements involving claims asserted in the Insider Litigation, although
as discussed further below, the Applicants, the Trustee, and Special Counsel have reached an
agreement on the split of fees in connection with the global settlement involving the Hanson's
Adversary.

14.     In total, the Applicants have directly recovered or facilitated settlements that
resulted in a total cash recovery of approximately $2.4 million for the Estate and judgments in
excess of $2 million, the details of which are further described in Section III of this
Application.[10]

---

[9] Pursuant to their retention orders and agreements with the Trustee, Special Counsel is entitled
to a one-third contingency fee on recoveries in the Insider Litigation. *See* Dkt. Nos. 380 and
563.

[10] FactorLaw made significant contributions to the Trustee's global settlement of the claims
asserted against Ronald Spielman, Sheri Spielman, RWD Properties LLC, and RS Windows &
Doors, LLC a/k/a Sound Solutions Windows & Doors, LLC in the Insider Litigation (defined
herein) and the claims asserted against Sound Solutions in a separate adversary proceeding filed
by FactorLaw (the "*Spielman Global Settlement*"). *See* Dkt. Nos. 598 and 602. While only
$15,000 of the $450,000 settlement payment was allocated to the Sound Solutions adversary
proceeding, FactorLaw believes that this settlement should be factored in when considering the
benefits its services provided to the Estate given the amount of work performed by FactorLaw in

## II.   WORK PERFORMED ON BEHALF OF THE ESTATE

15.   Pursuant to the applicable Retention Order, BSG provided multiple services to the Estate, including, primarily, (a) analyzing the Debtor's books and records to determine those persons and entities that received payments within the 90 days prior to the Petition Date and those persons and entities that owed money to the Debtor on account of trade receivables ("*Potential Defendants*"), (b) sending demand letters to the Potential Defendants, (c) communicating with Potential Defendants, (d) analyzing Potential Defendants' defenses to liability goods, (e) negotiating and documenting settlements, (f) working with FactorLaw to prepare adversary complaints against those persons and entities that were determined to owe money to the Estate and that were not willing to settle pre-litigation, (g) providing litigation support to FactorLaw when needed, and (h) communicating with the Trustee regarding all of the foregoing.

16.   Pursuant to the applicable Retention Order and the Modified Retention Order, FactorLaw provided the Estate with a full range of litigation services, involving thousands of hours of work, including, but not limited to:

    a.   preparing and prosecuting the retention applications and motion to for approval of settlement procedures;

    b.   preparing complaints in conjunction with BSG;

    c.   analyzing potential fraudulent transfer claims and preparing the complaints seeking to recover fraudulent transfer under the Bankruptcy Code and Illinois law;

    d.   investigating defendants for purposes of service, (d) preparing and prosecuting

connection with, among other things, investigating claims and preparing for and attending the mediation sessions that resulted in the settlement.

6

default motions;

e.  defending against motions to dismiss, including jurisdictional attacks pursuant to *Stern v. Marshal*;

f.  seeking leave to file and filing amended pleadings where information of additional fraudulent transfers were located;

g.  interviewing former employees of the Debtor;

h.  conducting extensive written, oral discovery, and third party discovery pursuant to numerous subpoenas, including reviewing thousands of pages of documents obtained from defendants, third parties and the Debtor;

i.  analyzing asserted defenses;

j.  negotiating settlements with Defendants and communicating with opposing counsel;

k.  drafting settlement documents;

l.  taking control of the Debtor's server and searching for electronic data relevant to the adversary proceedings, including the Insider Litigation;

m.  strategizing, coordinating and consulting with the Trustee's legal counsel in the Insider Litigation on common issues and defendants;

n.  participating in two multi-day mediations before Judge Cassling in order to reach global settlements with persons that were defendants in both the Insider Litigation and adversaries being prosecuted by FactorLaw;

o.  preparing detailed mediation statements;

p.  preparing and prosecuting motions for summary judgment;

q.  preparing pretrial statements in a number of cases;

r.  attending status and other hearings;

s.  tracking settlements that involved payment plans; and

t.  consulting and advising with the Trustee with regard to all of the foregoing.

17.      Indeed, the contingency fees the Applicants ask the Court to finally approve in this Application results in compensation to FactorLaw and BSG that is far less than the hourly fees these firms charge to clients for comparable services.

## III.    RECOVERIES ON BEHALF OF THE ESTATE AND APPLICANTS' FEES

### A.      Pre-Litigation Recoveries and BSG's Contingency Fees

18.      In response to demand letters, BSG settled 35 matters resulting in a total recovery of $439,983.85 for the Estate (the "*Pre-litigation Settlements*"). The details of the Pre-Litigation Settlements are set forth on **Exhibit 1**.

19.      BSG is entitled to a 12% contingency fee on the Pre-litigation Settlements, which amounts to $52,798.06 (the "*Pre-Litigation Fees*"). *See* Exhibit 1. The Trustee has paid this amount to BSG, subject to final approval of the Court.

### B.      Recoveries in the Accounts Receivable and Preference Litigation and Applicants' Contingency Fees

20.      FactorLaw filed 89 adversary proceedings on behalf of the Trustee and the Estate that sought to recover on account of accounts receivable owed to the Debtor and preference clams under §§ 547 and 550 of the Bankruptcy Code. FactorLaw obtained default judgments in 25 of these proceedings, resulting in judgments totaling $2,435,837.88. *See* **Exhibit 3**.

21.      FactorLaw either dismissed (because the defendants had complete defenses) or settled the remaining adversary proceedings for a total of $883,452.44 (the "*Settled Adversaries*"). The details of each of the Settled Adversaries are set forth on **Exhibit 2**.[11]

---

[11] Pursuant to an order of the Court, the Trustee was authorized to settle account receivables and preference claims where the amount in controversy was less than $100,000 without further order

8

22.    The total amount collected to date for the Estate in connection with the Settled Adversaries is $866,284.44.  The discrepancy between the total amount of the settlements and the total amount recovered— $17,150 – is due to the fact that certain defendants agreed to payment plans in order to settle with the Trustee, and not all payments have been made yet pursuant to those agreements.[12]

23.    Based upon the amounts recovered to date, each of FactorLaw and BSG are entitled to a 6% contingency fee or $51,977.07 each on account of the Settled Adversaries.  Pursuant to their respective Retention Orders, the Trustee has already paid $40,988.07 to FactorLaw and $43,754.07 to BSG.  Thus, if their contingency fees are finally approved in full, FactorLaw and BSG are entitled to additional payments of $10,989.00 and $8,223.00, respectively, from the Estate, for a total of $19,212.00, as well as a combined $12% on account of any further amounts recovered under the existing settlement agreements (collectively, the "*Unpaid Account Receivables and Preference Fees*"), the maximum amount of which would be $2,058.00.

### C.    Recoveries In The Fraudulent Transfer Litigation and FactorLaw's Contingency Fee

24.    The Trustee and FactorLaw settled the Fraudulent Transfer Litigation against American Express and The Guardian Life Insurance Company of America ("*Guardian*") for $650,000 and $33,000, respectively.  *See* Dkt. Nos. 591 and 596.

---

of the Court.  *See* Dkt. Nos. 328 and 335. The Trustee sought and obtained approval of all settlements that involved in excess of $100,000.  In addition, two adversary proceedings were settled in exchange for the defendants' cooperation with the Trustee and his counsel by providing information and technical assistance in connection with multiple other adversary proceedings, including, in particular, the Insider Litigation. *See* Dkt. Nos. 517, 524, 582 and 586.

[12] The two defendants that have not completed their payment plans are Home Town Restyling and Mulligan. *See* Exhibit 2.

25.     Pursuant to the Modified Retention Order, FactorLaw is entitled to a 33%
contingency fee on account of the American Express adversary proceeding, or $214,500, and a
33% contingency fee on Guardian adversary proceeding, or $10,890.  The Trustee has paid
FactorLaw its fees on the American Express  and Guardian settlements.

### D.     The Hanson's Litigation Recovery and Fee Dispute Settlement

26.     Following the entry of the Modified Retention Order, the Trustee reached a global
settlement of the Hanson's Adversary and the Elias Claim in the Insider Litigation (the
"*Hanson's Global Settlement*"), which settlement was approved by the Court.  *See* Dkt. Nos. 611
and 614.

27.     The Hanson's Global Settlement called for, among other things, payment of
$625,000 to the Estate (the "*Hanson's Settlement Amount*").

28.     Based upon the nature of claims asserted against Hanson's and Mr. Elias and the
weight such claims played in the Hanson's Global Settlement, it was determined by the Trustee,
in consultation with Bank of America, Special Counsel and FactorLaw, that the Trustee's
counsel in the Hanson Adversary and Insider litigation would be collectively entitled to 33% of
the Hanson's Settlement Amount and that, 15.333% would be paid to Special Counsel and 18%
would be paid to FactorLaw. In other words, on the FactorLaw and BSG side, the Hanson's
Adversary was to be treated as if it were Fraudulent Transfer Litigation.  The Court approved
this arrangement in connection with the Special Counsel's fourth fee application.  *See* Dkt. Nos.
612 and 615.  The Estate has not paid any amount to FactorLaw on account of the Hanson's
Global Settlement.  Therefore, the Estate owes contingency fees in the amount of $112,500 to
FactorLaw (the "*Unpaid Hanson's Litigation  Fees*" and together with the Unpaid Account
Receivables and Preference Litigation Fees, the "*Unpaid Fees*") subject to the agreement set
forth in the following paragraph.

10

29.    A dispute arose between FactorLaw, BSG and the Trustee regarding whether BSG is entitled to compensation in connection with Fraudulent Transfer Adversaries and the Hanson's Adversary, which, as noted above, included both fraudulent transfer and preference claims. The parties agreed to resolve this dispute, subject to the Court's approval, by:

a. Allocation of a 6% contingency fee ($37,500) to BSG on account of the Hanson's Global Settlement, thereby reducing FactorLaw's contingency fee to 12% ($75,000);

b. FactorLaw's agreement to (i) advance pay to BSG the amount of $43,752, which is the full amount that BSG would be entitled to on account of the Hanson's Global Settlement and Unpaid Account Receivables and Preference Fees, such that FactorLaw, (ii) assume the risks that some or all of the Unpaid Fees may not be finally-approved and that those defendants on settlement payment plans make all required payments, and (iii) prepare and prosecute this fee application on behalf of BSG;

c. Upon its receipt of the payment of $43,752 from FactorLaw, BSG waiving and fully releasing any and all further claims against the Trustee, the Estate and FactorLaw for compensation pursuant to its Retention Order, its underlying retention agreement with the Trustee and this Case; and

d. Upon this Court's granting this Application, the Trustee paying directly to FactorLaw all finally-approved Unpaid Fees, which if all Unpaid Fees are approved will include the following:

| Category | Amount of Unpaid Fees |
|---|---|
| Unpaid Account Receivables and Preference Fees | $18,852.00, as well as a combined $12% on account of any further amounts recovered under the existing settlement agreements (a maximum amount of $2,058.00) |
| Unpaid Hanson's Settlement Fees | $112,500.00 |
| **TOTAL:** | **$131,352.00 , as well as $12% on account of any further amounts recovered under existing settlement agreements** |

## EXPENSES

30.     FactorLaw has incurred expenses on behalf of Estate in the total amount of

$14,703.70 (the "*FactorLaw Expenses*").  The FactorLaw expenses are detailed on **Exhibit 4**.

Pursuant to the Retention Orders and the Modified Retention Order, the Trustee has reimbursed

FactorLaw for $11,999.02 in FactorLaw Expenses, subject to the Court's approval, leaving

$2,704.68 in unreimbursed expenses (the "*Unpaid Expenses*") due and owing to FactorLaw.

31.     BSG also incurred $268.34 in expenses relating to the demand letters sent to all

potential defendants (the "*BSG Expenses*").  BSG has been paid this amount by the Trustee,

subject to final approval by the Court.

## NOTICE

32.     Twenty-one days' notice of this Application has been provided to (a) the Office of

the United States Trustee; (b) Bank of America; (c) the twenty largest creditors as set forth on

the Debtor's bankruptcy schedules; (d) all persons filing secured claims in the Case; and (e) all

Registrants in the case (the "*Notice*").

33.     Pursuant to Fed. R. Bankr. P. 2002(a) and (a)(6), and due to the expense that

would be incurred in serving this Application upon all creditors in the case, Applicant

respectfully submits that sufficient cause exists to limit service of the Application to the persons

12

identified in paragraph 15, and requests that the Court find such notice to be adequate under the circumstances.

## RELIEF REQUESTED

34.    Applicants seek entry of an order, substantially in the form submitted herewith, granting the following relief:

a.    allowing on a final basis the following Fees and Expenses:

| | FactorLaw | BSG | Total |
|---|---|---|---|
| Pre-Litigation | $0.00 | $52,798.06 | $52,798.06 |
| Account Receivables and Preference Litigation | $51,977.07, plus a maximum of $2,058.00 only to the extent further settlement monies are collected. | $51,977.07 | $103,954.14 |
| Fraudulent Transfer Litigation | $225,390 | $0.00 | $225,390.00 |
| Hanson's Litigation | $75,000.00 | $37,500.00 | $112,500.00 |
| **FEE TOTALS:** | **$352,367.07, plus a maximum of $2,058.00 to the extent further settlement monies are collected.** | **$142,275.13** | **$494,642.20, plus a maximum of $2,058.00 to the extent further settlement monies are collected.** |
| | | | |
| Expenses | $14,703.70 | $268.34 | $14,972.04 |
| | | | |
| **TOTALS (fees and expenses):** | **$367,070.77, plus a maximum of $2,058.00 to the extent further settlement monies are collected.** | **$142,543.47** | **$509,614.24, plus a maximum of $2,058.00 to the extent further settlement monies are collected.** |

b.    approving the proposed resolution of the dispute regarding BSG's compensation on the Fraudulent Transfer Adversaries, as set forth in paragraph 29 herein and releasing the Trustee and Estate from all further obligations to BSG on account of the Settled Adversaries and the Fraudulent Transfer Adversaries;

13

c.   authorizing and directing the Trustee to pay to FactorLaw the Unpaid Fees in the amount of $131,352.00 , and the Unpaid Expenses in the amount of $2,704.68;

d.   authorizing the Trustee to pay to FactorLaw 12% of any future amounts recovered from defendants who have settled with the Estate and are on payment plans without further order of Court in the maximum amount of $2,058.00; and

e.   finding that the Notice provided is sufficient under the circumstances and that no additional notice is required.

## NO PRIOR REQUEST

35.   No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, the Applicant respectfully requests that the Court enter an Order granting the relief sought herein and such further relief as the Court deems appropriate under the circumstances.

Dated: July 23, 2013

**THE LAW OFFICE OF WILLIAM J. FACTOR, LTD. and BANKRUPTCY SERVICES GROUP**

By: /s/ Sara E. Lorber

William J. Factor (6205675)
Sara E. Lorber (6229740)
David P. Holtkamp (6298815)
**THE LAW OFFICE OF
   WILLIAM J. FACTOR, LTD.**
105 W. Madison St., Ste. 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
         slorber@wfactorlaw.com
         dholtkamp@wfactorlaw.com

14

By: _____
Steven J. Gelsosomo

Steven J. Gelsosomo
Bankruptcy Services Group
2413 W. Algonquin Rd.. Suite 112
Algonquin, IL 60102
Tel:    847-999-0475
Fax:    847-999-0475
Email: sjg@bksgrp.com

15

## EXHIBIT 1
## PRE-LITIGATION FEES PAID BY TRUSTEE TO BSG

| DEBTOR | SETTLEMENT AMOUNT | AMOUNT PAID BY TRUSTEE TO BSG (12% of Recovery) |
|---|---|---|
| Crossbow Industrial Water | $4,530.92 | $543.71 |
| Window Support Systems | $4,000.00 | $480.00 |
| Old Castle Glass | $2,000.00 | $240.00 |
| Amesbury Group/BSI | $110,000.00 | $13,200.00 |
| Woodland Engineering | $3,110.45 | $373.25 |
| Laner, Muchin, Dombrow, Becker, Levin and Tominberg, Ltd. | $1,301.25 | $156.15 |
| Solution Systems, Inc. | $4,780.00 | $573.60 |
| Levin & Schreder, Ltd | $5,934.95 | $712.19 |
| Sturtz Machinery, Inc. | $906.00 | $108.72 |
| H-O Products | $5,000.00 | $600.00 |
| Dac Products, Inc. | $12,790.50 | $1,534.86 |
| Venture Tape Corp. | $4,500.00 | $540.00 |
| Lupel Weininger LPP | $18,000.00 | $2,160.00 |
| Roadway Express | $2,500.00 | $300.00 |
| Bostik Findley, Inc. | $5,000.00 | $600.00 |
| Michigan Dept. of Treasury | $50,000.00 | $6,000.00 |
| Ashland Products Company | $11,500.00 | $1,380.00 |
| Ruan, Incorporated | $9,322.25 | $1,118.67 |
| Absolute Vinyl Window | $2,125.47 | $255.06 |
| Alure Home Improvements | $21,565.53 | $2,587.86 |
| American Colony Homes | $363.79 | $43.65 |
| Home Base Home Improvement & Construction | $202.94 | $24.35 |
| Hoehn Vinyl Replacement Window | $285.79 | $34.29 |
| Globe Exteriors Inc. | $144.80 | $17.38 |
| E.Z. Construction Services Inc | $350.00 | $42.00 |
| Ed Construction | $1,362.78 | $163.53 |
| Exterior Energy Consultants Inc | $10,682.57 | $1,281.91 |
| Preferred Aluminum Trim/Siding | $716.39 | $85.97 |
| R J N Future Enterprises | $1,329.57 | $159.55 |
| Premier Quality Windows & Siding | $1,472.52 | $176.70 |
| Titan Builders Inc. | $1,000.00 | $120.00 |
| Larson Construction Inc. | $4,057.44 | $486.89 |

## EXHIBIT 1
## PRE-LITIGATION FEES PAID BY TRUSTEE TO BSG

| DEBTOR | SETTLEMENT AMOUNT | AMOUNT PAID BY TRUSTEE TO BSG (12% of Recovery) |
|---|---|---|
| Mr. Windows, Inc. | $2,522.57 | $302.71 |
| Skender Construction Company | $9,621.64 | $1,154.60 |
| McShane Construction | $127,003.73 | $15,240.45 |
| **TOTAL:** | **$439,983.85** | **$52,798.06** |

**EXHIBIT 2**
**ACCOUNT RECEIVABLES AND PREFERENCE LITIGATION FEES**

| Defendant | Adv. No. | Settlement Amount | Amount Received | 6% Contingency Fee of Amount Received | Amt. Paid by Trustee - FactorLaw | Amt. Paid by Trustee - BSG |
|---|---|---|---|---|---|---|
| Aetna Plywood, Inc. | 10-2499 | $18,228.58 | $18,228.58 | $1,093.71 | Paid in full | Paid in full |
| Airgas, Inc. | 10-2446 | $3,464.91 | $3,464.91 | $207.89 | Paid in full | Paid in full |
| Allmetal, Inc. | 10-2500 | $3,681.36 | $3,681.36 | $220.88 | Paid in full | Paid in full |
| American Wholesale Building Supply Co | 11-0679 | $108,314.67 | $108,564.67 | $6,513.88 | Partial payment of $5,913.88 | Paid in full |
| Aquasurtech OEM | 10-2501 | $12,000 | $12,000.00 | $720.00 | Paid in full | Paid in full |
| Best Windows, Inc. | 11-0685 | $11,000.00 | $11,000.00 | $660.00 | Partial payment of $300 | Partial payment of $420 |
| Big Bay Lumber Company | 10-2516 | $2,600.00 | $2,600.00 | $156.00 | Paid in full | Paid in full |
| Cardinal CG Company & Cardinal FG Company | 10-2447 and 10-2448 | $40,500.00 | $40,500.00 | $2,430.00 | Paid in full | Paid in full |
| Deco Products Company, LLP | 10-2451 | $10,250.00 | $10,250.00 | $615.00 | Paid in full | Paid in full |
| DNR Construction | 11-0680 | $11,519.00 | $11,519.00 | $691.14 | Paid in full | Paid in full |
| E.Z. Construction Services, Inc. | 10-2315 | $12,500 | $12,500.00 | $750.00 | Paid in full | Paid in full |
| Edwin Schneider | 10-2521 | $250.00 | $250.00 | $15.00 | Paid in full | Paid in full |
| Enterprise Fleet Management, Inc. | 10-2314 | $10,126.08 | $10,126.08 | $607.56 | Paid in full | Paid in full |
| Fabrication Specialist | 10-2452 | $4,819.00 | $4,819.00 | $289.14 | Paid in full | Paid in full |
| General American Life Insurance Company | 10-2502 | $15,485.16 | $15,485.16 | $929.11 | Paid in full | Paid in full |
| General Roofing & Siding Co. | 11-0730 | $9,797.87 | $9,797.87 | $587.87 | Paid in full | Paid in full |
| Globe Exteriors, Inc. | 10-2503 | $3,750.00 | $3,750.00 | $225.00 | Paid in full | Paid in full |

## EXHIBIT 2
## ACCOUNT RECEIVABLES AND PREFERENCE LITIGATION FEES

| Defendant | Adv. No. | Settlement Amount | Amount Received | 6% Contingency Fee of Amount Received | Amt. Paid by Trustee - FactorLaw | Amt. Paid by Trustee - BSG |
|---|---|---|---|---|---|---|
| Guardian Industries | 10-2522 | $50,250.00 | $50,250.00 | $3,015.00 | No payment received | No payment received |
| Home Town | 11-0682 | $75,000.00 | $70,000.00 | $4,200.00 | Partial payment of $1,200 | Partial payment of $2,100 |
| Illinois Department of Revenue | 10-2514 | $5,000.00 | $5,000.00 | $300.00 | Paid in full | Paid in full |
| Ja-Mar Windows | 11-0683 | $11,000.00 | $11,000.00 | $660.00 | Paid in full | Paid in full |
| JPMorgan Chase Bank USA, N.A. | 10-2504 | $6,500.00 | $6,500.00 | $390.00 | Paid in full | Paid in full |
| Metro Express Messenger & Trucking Services | 10-2318 | $500.00 | $500.00 | $30.00 | Paid in full | Paid in full |
| MidAmerican | 10-2519 | $16,357.00 | $16,357.00 | $981.42 | Paid in full | Paid in full |
| Midwest Welding Supply Inc. | 10-2453 | $3,500.00 | $3,500.00 | $210.00 | Paid in full | Paid in full |
| Mighty Pac, Inc. | 10-2505 | $21,000.00 | $21,000.00 | $1,260.00 | Paid in full | Paid in full |
| Minnesota Department of Revenue | 10-2507 | $4,247.50 | $4,247.50 | $254.85 | Paid in full | Paid in full |
| Moquist Thorvilson Kaufmann Kennedy & Piper LLC | 10-2454 | $11,227.50 | $11,227.50 | $673.65 | Paid in full | Paid in full |
| Mulligan | 11-0712 | $62,000.00 | $49,600.00 | $2,976.00 | No payment received | Partial payment of $1,116.00 |
| Munar Corporation | 10-2320 | $500.00 | $500.00 | $30.00 | No payment received | Paid in full |
| PRC-DeSoto International, Inc. | 10-2322 | $25,645.95 | $25,645.95 | $1,538.76 | Paid in full | Paid in full |

2

# EXHIBIT 2
## ACCOUNT RECEIVABLES AND PREFERENCE LITIGATION FEES

| Defendant | Adv. No. | Settlement Amount | Amount Received | 6% Contingency Fee of Amount Received | Amt. Paid by Trustee - FactorLaw | Amt. Paid by Trustee - BSG |
|---|---|---|---|---|---|---|
| Providence Real Estate Development, LLC | 11-0726 | $6,500.00 | $6,500.00 | $390.00 | Paid in full | Paid in full |
| Red Seal Development Corp. | 11-0687 | $27,000.00 | $27,000.00 | $1,620.00 | Paid in full | Paid in full |
| Richmond American Homes of Illinois, Inc. | 11-0732 | $10,000 | $10,000.00 | $600.00 | Paid in full | Paid in full |
| Root Brothers Mfg. & Supply Co. | 10-2509 | $7,750.00 | $7,750.00 | $465.00 | Paid in full | Paid in full |
| Smithfield | 10-2523 | $68,000.00 | $68,000.00 | $4,080.00 | Paid in full | Paid in full |
| Sound Solutions[13] | 10-2524 | $15,000.00 | $15,000.00 | $900.00 | No payment received | No payment received |
| Sugar & Felsenthal | 10-2442 | $1,800.00 | $1,800.00 | $108.00 | No payment received | No payment received |
| The Dental Concern, Ltd. | 10-2325 | $500.00 | $500.00 | $30.00 | Paid in full | Paid in full |
| The Walsh Group, Ltd. | 11-0681 | $31,799.40 | $31,799.40 | $1,907.96 | Paid in full | Paid in full |
| Ultra-Pak, Inc. | 10-2485 | $8,000.00 | $8,000.00 | $480.00 | Paid in full | Paid in full |
| United Healthcare | 10-2510 | $45,000.00 | $45,000.00 | $2,700.00 | Paid in full | Paid in full |
| Veka, Inc. | 10-2511 | $16,500.00 | $16,500.00 | $990.00 | Paid in full | Paid in full |
| Ventana USA | 10-2461 | $6,500.00 | $6,500.00 | $390.00 | Paid in full | Paid in full |
| Virginia Department of Taxation | 10-2327 | $7,283.58 | $7,283.58 | $437.01 | Paid in full | Paid in full |
| Vision Industries Group, Inc. | 10-2512 | $2,500.00 | $2,500.00 | $150.00 | Paid in full | Paid in full |
| W. W. Grainger Inc. | 10-2462 | $3,300.00 | $3,300.00 | $198.00 | Paid in full | Paid in full |

[13] This amount reflects the portion of allocation of the Spielman Global Settlement allocated to adversary proceeding against Sound Solutions. *See* Dkt. No. 598.

3

## EXHIBIT 2
## ACCOUNT RECEIVABLES AND PREFERENCE LITIGATION FEES

| Defendant | Adv. No. | Settlement Amount | Amount Received | 6% Contingency Fee of Amount Received | Amt. Paid by Trustee - FactorLaw | Amt. Paid by Trustee - BSG |
|---|---|---|---|---|---|---|
| Waste Management, Inc. | 10-2463 | $4,650.00 | $4,650.00 | $279.00 | Paid in full | Paid in full |
| Wells Fargo Auto Finance, Inc. | 10-2329 | $22,194.90 | $22,194.90 | $1,331.69 | Paid in full | Paid in full |
| William Ryan Homes | 11-0689 | $25,000.00 | $25,000.00 | $1,500.00 | Paid in full | Paid in full |
| Wright Express Corporation | 10-2464 | $3,141.98 | $3,141.98 | $188.52 | Paid in full | Paid in full |
| | TOTALS | $883,434.44 | $866,284.44 | $51,977.07 | $41,348.07 | $43,754.07 |

| SUMMARY | |
|---|---|
| BSG - Full contingency fee paid | $40,118.07 |
| BSG - Partial contingency fee paid | $3,636.00 |
| BSG - Total received | $43,754.07 |
| BSG – Amount not paid | $8,223.00 |
| | |
| FactorLaw - Full contingency fee paid | $34,234.19 |
| FactorLaw - Partial contingency fee paid | $7,113.88 |
| FactorLaw - Total received | $41,348.07 |
| FactorLaw – Amount not paid | $10,629.00 |
| | |
| TOTAL AMOUNT OF CONTIGENCY FEES NOT YET PAID BY ESTATE ON ACTUAL AMOUNTS RECOVERED | $18,852.00 |

# EXHIBIT 3
# DEFAULT JUDGMENTS

| Defendant | Default Judgment Amount |
|---|---|
| Enterprise Fleet Services | $10,780.37 |
| Clearshield Technologies, LLC | $25,664.23 |
| Sunrise Hitek Service Inc. | $7,560.14 |
| Total Window Installation Company, LLC, | $11,078.52 |
| Welch Drywall Co. | $113,839.69 |
| Comptroller of Maryland | $23,631.31 |
| Mumford | $9,193.96 |
| ABC Glass Enclosures, LLC d/b/a The Window Guys | $932,995.95 |
| Miller, Copper & Co., Ltd. | $6,270.22 |
| Tim Widner | $23,325.84 |
| International Fenestration Partners, Inc., | $102,140.82 |
| American Wholesale Building Supply Co. | $108,564.67 |
| Windows By U, Inc. | $79,142.43 |
| C & W Siding & Window Materials | $74,574.90 |
| Levey v. Window Depot USA | $438,914.63 |
| Nella Window and Green Product Company | $9,888.41 |
| All Service Glass | $12,426.43 |
| Medallion Security Door & Window Co., Inc. | $28,573.48 |
| Bil-Ray Home Improvements & Contracting | $180,734.60 |
| Tri-Pane Installations Inc. | $11,060.36 |
| Windowizards, Inc. | $55,550.04 |
| Home Vantage, LLC | $28,071.80 |
| Clear Choice Window Company, LLC | $14,405.52 |
| Tech Development LLC | $62,757.45 |
| 5 Star Window, Inc. | $64,692.11 |
| **TOTAL:** | **$2,435,837.88** |

# EXHIBIT 4
# FACTORLAW EXPENSES

| Date | Explanation | Amount |
|------|-------------|--------|
| Nov 29/2010 | Facsimiles - Service of Pleading | 1.32 |
| Nov 21/2010 | Facsimiles - Service of 90-day Budget | 3.20 |
| Dec 23/2010 | Postage - Certified Mail | 6.15 |
| Dec 23/2010 | Postage - Certified Mail | 8.95 |
| Apr  6/2012 | Federal Express (Guardian Insurance) | 11.02 |
| Feb 24/2012 | Federal Express - to S. Lorber | 12.18 |
| Mar  7/2011 | Postage | 12.20 |
| Apr  6/2012 | Federal Express (Guardian Insurance) | 13.27 |
| Mar  4/2012 | Federal Express to L. Gillman | 13.47 |
| Nov 21/2011 | Federal Express - to Phillip D. Levey | 13.49 |
| Feb 20/2012 | Federal Express - to P. Levey | 14.13 |
| Mar 11/2012 | Federal Express | 14.32 |
| Mar 29/2012 | Federal Express to P. Levey | 14.32 |
| Oct  1/2012 | Federal Express to Phillip Levey | 14.38 |
| Oct 12/2012 | Federal Express to Phillip Levey | 14.38 |
| Apr  6/2012 | Federal Express to Phillip Levey | 14.44 |
| Nov 14/2012 | Federal Express to Phillip Levey | 14.44 |
| May 14/2012 | Federal Express - Phillip D. Levey | 14.51 |
| Jun 15/2012 | Federal Express - Phillip Levey | 14.51 |
| Feb  1/2013 | Federal Express to Phillip Levey | 14.96 |
| Mar  6/2013 | Federal Express to Phillip Levey | 15.10 |
| Nov 14/2011 | Federal Express - to P. Levey | 16.20 |
| Dec  6/2011 | Federal Express - Phillip D. Levey | 16.20 |
| Oct 18/2011 | Federal Express - to Phillip Levey | 16.27 |
| Jan 20/2011 | Federal Express to Phillip D. Levey | 17.40 |
| Mar 27/2012 | Postage Expense - Motion to Authorize Use of Estate Funds to Pay Expert Fees and Expenses | 17.55 |
| Mar 14/2011 | Federal Express to Phillip D. Levey | 17.72 |
| Jul 15/2012 | Transcript of court proceedings- Adversary Pro. No. 10 A 2517(Guardian) | 18.00 |
| Apr  4/2011 | Federal Express to Phillip D. Levey | 18.03 |
| Apr 13/2011 | Federal Express to Phillip D. Levey | 18.03 |
| Oct  6/2011 | Federal Express to Phillip D. Levey | 18.27 |
| Jul 12/2011 | Federal Express to Phillip D. Levey | 18.35 |
| Jul 27/2011 | Federal Express to Phillip D. Levey | 18.35 |
| Aug 11/2011 | Federal Express to Gregory Star | 18.35 |
| Aug 15/2011 | Federal Express to Phillip D. Levey | 18.35 |

# EXHIBIT 4
## FACTORLAW EXPENSES

| | | |
|---|---|---|
| Aug 26/2011 | Federal Express to Phillip D. Levey | 18.35 |
| Jul 22/2011 | Federal Express to Phillip D. Levey | 18.35 |
| May 10/2011 | Federal Express - Phillip d. Levey | 18.43 |
| May 13/2011 | Federal Express - Phillip D. Levey | 18.43 |
| May 18/2011 | Federal Express - Phillip D. Levey | 18.43 |
| May 27/2011 | Federal Express - Phillip D. Levey | 18.43 |
| Sep 13/2011 | Federal Express - To Phillip D. Levey | 18.43 |
| Sep 27/2011 | Federal Express | 18.43 |
| Jun 8/2011 | Federal Express to Phillip D. Levey | 18.59 |
| Jun 15/2011 | Federal Express - Overnight Package to Phillip D. Levey | 18.59 |
| Jan 19/2012 | Federal Express - to P. Levey | 19.06 |
| Mar 1/2012 | Delivery services/messengers - Document pickup from Popowcer Katten | 20.88 |
| Dec 29/2011 | Federal Express - to Bruce E. de'Medici | 21.74 |
| Nov 7/2011 | Federal Express - to Joshua Greene | 22.21 |
| Feb 22/2012 | Federal Express - to Angela Friddle at JPMorgan Chase | 22.56 |
| Dec 23/2010 | Federal Express - Package to Christine Anderson | 22.85 |
| Jan 12/2012 | Other - Parking Fee (M. Braun) | 23.00 |
| Jan 5/2011 | Federal Express - Ace International Services | 24.25 |
| Jun 24/2012 | Travel Expense - Braun travel to Pollack deposition on 5/15/12 | 25.00 |
| Jun 24/2012 | Travel Expense - Braun travel to hearing in Olde Towne on 5/29/12 | 25.00 |
| Dec 27/2011 | Travel Expense – Braun participation in settlement conference on 12/14/11 | 25.50 |
| Jan 30/2012 | Parking Fees for mediation (MB) | 29.00 |
| Dec 27/2011 | Travel Expense - For document inspection at storage facility on 12/12/11 | 30.60 |
| Jun 24/2012 | Transcript of court proceedings- Adversary Pro. No. 10 A 2526 | 32.00 |
| Nov 12/2011 | Sheriff - Service on Window Depot | 35.00 |
| Sep 13/2012 | Postage Expense - Service of First Interim Fee Application | 37.50 |
| Mar 24/2011 | Fee - Cook County Recorder of Deeds - Welch Drywall | 40.00 |
| Mar 24/2011 | Fee - Cook County Recorder of Deeds | 40.00 |

# EXHIBIT 4
# FACTORLAW EXPENSES

| | | |
|---|---|---|
| Jan 19/2012 | Witness and Mileage Fee for Subpoena to JPMorgan Chase Bank, N.A. | 40.00 |
| Jan 19/2012 | Witness and Mileage Fee for Subpoena to Bank of America | 40.00 |
| Dec 29/2011 | Federal Express - to Eric Van | 40.45 |
| Apr 18/2012 | Fee  to Bank of America for documents produced pursuant to subpoena | 41.08 |
| Dec 27/2011 | Witness Fees & Mileage Fees - December December Subpoena | 43.30 |
| Feb 17/2012 | Witness and Mileage Fee for Subpoena to Lloyd Gillman | 45.00 |
| Feb 17/2012 | Witness and Mileage Fee for Subpoena - Lloyd & Richard Investments LLC | 45.00 |
| Jun 19/2012 | Trial exhibits -Tabs for Olde Towne Trial Submissions/Exhibits | 45.67 |
| Mar 19/2012 | Serve Subpoena to Produce Documents directed to SM IL LLC | 48.00 |
| Nov 16/2011 | Federal Express - to Eric Van | 48.20 |
| Nov 16/2011 | Federal Express - to Eric Van | 48.20 |
| Feb 22/2012 | Federal Express - to Eric Van | 50.39 |
| Feb 22/2012 | Process Server - Moquist Thorvilson Kaufman & Pieper | 65.00 |
| Mar 24/2011 | Fee  - Cook County Recorder of Deeds | 66.00 |
| Mar 24/2011 | Fee  - Cook County Recorder of Deeds - Total Window | 70.00 |
| Apr 27/2012 | Transcript of court proceedings- Hanson's | 80.00 |
| Sep 20/2011 | Witness and Mileage Fee for Subpoena to Richard Gillman | 82.42 |
| Jun  9/2011 | Other - Fee  to ADP for copies of Republic Employee Earnings Records | 100.00 |
| Nov 18/2011 | Process Server - Service on Window Depot | 125.00 |
| Jan  6/2012 | Process Server - Service on Window Depot | 125.00 |
| Dec 10/2011 | Federal Express - Copying Charges | 129.37 |
| Mar 16/2012 | Court Reporter - Lloyd & Richard Investments Dep. (No Show) | 140.00 |
| Apr 18/2012 | Court Reporter - Attendance Fee for December December Dep. | 140.00 |
| Mar 16/2012 | Court Reporter - Cancelation fee  for Hemker Deposition (Olde Towne Windows) | 150.00 |

3

## EXHIBIT 4
## FACTORLAW EXPENSES

| | | |
|---|---|---|
| Oct 20/2011 | Process Server & Witness Fees -- Zimmerman | 185.00 |
| Oct 20/2011 | Process Server & Witness Fees -William Ryan Homes - Temko Installations | 222.68 |
| Apr 29/2012 | Court Reporter - Gillman Transcript | 229.20 |
| Feb 22/2012 | Delivery services/messengers - Move boxes from Lynch & Stern to FactorLaw | 276.47 |
| Feb 7/2012 | Process Server - Service of Subpoena and Mileage/Witness Fees for Veka, Inc. | 317.00 |
| Feb 7/2012 | Deposition Expenses - Court Reporter Appearance Fee for Andrej Palczweski Dep. | 360.00 |
| Oct 20/2011 | Process Server & Witness Fees -William Ryan Homes - 4M Supplies | 366.13 |
| Feb 7/2012 | Deposition Expenses - Fee for Transcript of Zimmerman Deposition | 375.00 |
| Jun 1/2012 | Court Reporter - Guardian Insurance - Pollack Transcript | 411.50 |
| Jan 3/2012 | Process Server - Subpoenas for Ken Pellerin and Alan Miretsky(plus witness and mileage fees) | 431.00 |
| Jun 24/2012 | Court Reporter - Deposition Charles Hemker (Olde Towne) -Invoices 9688 | 442.00 |
| Oct 20/2011 | Process Server & Witness Fees -William Ryan Homes - JWR Construction | 466.94 |
| Sep 12/2012 | Software and equipment - Refurbished hard drives for Republic Server | 494.12 |
| Feb 8/2011 | Photocopy Expense - C2 Legal for copying documents | 626.10 |
| Dec 23/2010 | Process Server - Ace International Services, Inc. -For service on Aquasurtech in Canada | 785.00 |
| Aug 27/2012 | Fee to JPMorgan Chase Bank, N.A. for compliance with subpoenas for documents for use in the American Express and other proceedings | 1091.80 |
| Dec 9/2011 | Deposition Expenses - Invoices 61232, 61509 & 61754 - Gillman, Zimmerman and Palczewski | 1141.75 |
| Jul 15/2012 | Photocopy Expense - Trial Submission Binders and Notebooks (American Express) | 1395.80 |

4

## EXHIBIT 4
## FACTORLAW EXPENSES

| | | |
|---|---|---|
| Jul 23/2010 | Outside Vendor (Notice/Service)- Motion for approval of settlement procedures | 2095.71 |
| | **TOTAL:** | **$14,703.70** |